Gideon Sahat Perwira **SIHOTANG**, Petitioner,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 10–70365.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed June 6, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Gideon Sahat Perwira Sihotang, Loma Linda, CA, pro se.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

Theo Nickerson, Esquire, OIL, Ada Elsie Bosque, Rebecca Ariel Hoffberg, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Gideon Sahat Perwira Sihotang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Sihotang's motion to reopen as untimely where he filed the motion

nearly four years after the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of the final administrative order). We lack jurisdiction to review Sihotang's contention that he qualified for an exception to the filing deadline under 8 C.F.R. § 1003.2(c)(3)(ii) because he failed to exhaust this contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

We also lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir.2011).

Sihotang's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.